IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES DOUGLAS LEWIS, JR., | : |
|     Plaintiff, | : |
| vs. | :    CIVIL ACTION 15-389-KD-N |
| HUEY "HOSS" MACK, et al., | : |
|     Defendants. | : |

REPORT AND RECOMMENDATION

Plaintiff, a Baldwin County Corrections Center inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful consideration, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that this action be counted as a strike for the purpose of 28 U.S.C. § 1915(g).

I. POSTURE OF ACTION.

Plaintiff's complaint (Doc. 1) is before the Court for screening pursuant 28 U.S.C. § 1915(e)(2)(B) due to plaintiff having filed a motion to proceed without prepayment of fees. (Doc. 2). Plaintiff used the Court's § 1983 complaint form when he commenced this action. (Doc. 1). And, in response to the complaint form's questions, plaintiff stated that he had neither filed other lawsuits in state or federal court with the same or similar facts involved in this action, nor a lawsuit related to his imprisonment. (Id. at 3).

Contrary to these statements, when the complaint form asked him to list his previous lawsuits, he listed one lawsuit, a habeas action that he filed in this Court, Lewis v. Mack, CA 15-00273-CB-N (S.D. Ala. pending), filed on April 21, 2015. (Id.). Plaintiff then signed his complaint under penalty of perjury stating that the facts in his complaint were true and correct. (Id. at 7).

## II. ANALYSIS.

### A. Legal Standards for Maliciousness Under § 1915(e)(2)(B)(i).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint form under penalty of perjury, as such a complaint "constitutes abuse of the judicial process warranting dismissal of the case without prejudice." Thompson v. Quinn, No. 3:11cv533/RV/EMT, 2012 WL 6761569, at *1 (N.D. Fla. 2012) (unpublished) (collecting cases), adopted, 2013 WL 45259 (N.D. Fla. 2013); see Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under § 1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-17 (2007); Schmidt v. Navarro, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the dismissal without prejudice of action pursuant to § 1915(e)(B)(2)(i) as malicious as a sanction for the plaintiff's abuse of process when he failed to disclose under penalty of perjury two, prior federal actions on his complaint form);[1] Harris v. Warden, 498 F. App'x 962, 964

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

(11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose); Jackson v. Florida Dep't of Corrs., 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had no action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), cert. denied, 133 S.Ct. 2050 (2013); Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); Shelton v. Rohrs, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his arguments that he did not remember filing any civil actions and his records were inaccessible); Young v. Secretary Fla. Dep't of Corr., 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the sua sponte dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits despite his argument

that he lacked access to the documents due to the "excess legal material" rule); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he had brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

Moreover, when a court dismisses an action as malicious without prejudice, it must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations having expired and preventing the plaintiff from re-filing the action. Stephenson v. Warden, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); Hines v. Thomas, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished); see Schmidt, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious, based on plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the complaint could be re-filed as the statute of limitations had not expired).

**B. Application of Law to Facts.**

In plaintiff's present complaint, he indicates that he previously filed no other lawsuits, in state or federal court, which relate to his imprisonment even though he listed one. (Doc. 1 at 3). Nonetheless, an examination of PACER ("Public Access to Court Electronic Records") reflects seven cases filed by plaintiff.[2] Included in this

---

[2] The Court takes judicial notice of its records. Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

number are the prior cases of James Douglas Lewis, Jr. v. Rowley, CA 2:92-cv-02416-DEZ (W.D. Pa. 1993) (dismissed after defendants filed a motion to dismiss), and James Douglas Lewis, Jr. v. Rowley, CA 2:92-cv-02251-DEZ (W.D. Pa. 1993) (plaintiff voluntarily withdrew his complaint).

In addition to these Pennsylvania cases, this Court's docket reflects five cases filed by plaintiff, which include the present case and the listed habeas case. Of the remaining three cases, two cases were filed before the present case. The case of Lewis v. Mack, CA No. 15-0303-WS-N (S.D. Ala.) (filed on June 10, 2015, with a recommendation pending that it be dismissed as malicious), was filed before the present case was filed on August 4, 2015, but plaintiff did not list it. And the case of Lewis v. Dixon, CA No. 15-0352-KD-M (S.D. Ala. Dec. 23, 2015) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii)), was filed on July 10, 2015, before the present case was filed on August 4, 2015, but plaintiff did not list it. Subsequent to the present case's filing, plaintiff filed Lewis v. Campbell, CA No. 15-0418-CG-C (S.D. Ala. pending), on August 17, 2015, nearly two weeks after he filed the present case.

In Rivera, supra, the Eleventh Circuit affirmed the district court's dismissal of the prisoner's action without prejudice as a sanction for "abus[ing] the judicial process" when he lied under penalty of perjury about the existence of a prior lawsuit, and the district court's treatment of the dismissal as a strike. 144 F.3d at 731. In its affirmance, the Eleventh Circuit reasoned that "[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Id. In the subsequent case of Pinson v. Grimes, 391 F. App'x 797 (11th Cir.) (unpublished),

cert. denied, 131 S.Ct. 517 (2010), the Eleventh Circuit, relying on Rivera, affirmed the district court's "finding an abuse of judicial process and issuing a strike" when the prisoner had only listed two prior cases despite having filed two other federal cases within the preceding month. Id. at 799.

Furthermore, when plaintiff filed the present action, he knowingly chose not to list his two prior Pennsylvania actions and the two prior actions filed in this Court. Nonetheless, plaintiff proceeded to sign the present complaint under penalty of perjury. (Doc. 1 at 12). This type of behavior by a prisoner plaintiff is deemed by the courts to be an abuse of the judicial process so as to warrant the action's dismissal as malicious pursuant to § 1915(e)(2)(B)(i) and to it being counted as a strike for § 1915(g) purposes. Rivera, supra; Pinson, supra.

If this action were dismissed, plaintiff would be able to re-file it. Plaintiff identifies January 28, 2015 as the date when the complained of incident occurred. (Doc. 1 at 3). Plaintiff complains that defendant Sheriff Mack has allowed officers to violate his constitutional rights when they denied him the opportunity to use the law library and that Defendant Mack has removed himself from the chain of command and the grievance process. (Doc. 1 at 5). Defendant Captain Greg Thicklin is charged with depriving plaintiff of the opportunity to speak with federal investigators in April, 2015 when they came to G-Block, because he was not a federal inmate, and with denying him access to the mail log. (Id.). And defendant Major Jimmy Melton is alleged not to have kept the law library up-to-date and adequate in order for inmates to conduct research. (Id. at 5-6). Plaintiff has attempted to contact defendant Thicklin to discuss the matter, but defendant Thicklin replaced the paper grievance system with a kiosk system, which has no paper trial and is never answered by the chain of command. (Id. at 6).

Plaintiff generally complains that the "defendants" worked "in concert" to force inmates to use the county's contract attorneys by not providing phone books or a listing of phone numbers for attorneys whom inmates could contact or by having of a free phone system to contact attorneys or bail bond agents.  Plaintiff further complains that the "defendants" installed an electronic kiosk in each block so there is no way to verify if the "defendant" has received a message, which gives the defendant plausible deniability, and because there are no signatures, the responder remains unknown.  (Id. at 8).  When plaintiff attempted to obtain a paper copy of his grievances and requests, he was told that he had to obtain a court order to receive them.  (Id.).  Furthermore, plaintiff complains that he needs adequate access to the available legal materials because he has been allowed to proceed pro se by the Alabama Court of Criminal Appeals,[3] but the time in law library is not adequate, the library procedures limit the number of books that can be used, and he must write while in handcuffs.  (Id. at 10).

Plaintiff's complaints are of a continuing nature, and the dates identified, which are related to incidents, are January 2015 and April 2015.  These dates are within the two-year statute of limitations period for filing an action on them.  See Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.) (the statute of limitations for a § 1983 action filed in Alabama is two years from when the claim accrues), cert. denied, 506 U.S.

---

[3]   Subsequent to filing the complaint, according to the case action summary sheet in plaintiff's state-court criminal case, reviewed on alacourt.com, plaintiff pled guilty to the charge of being a violent felon in possession of a pistol, Alabama Code 13A-11-72(a) (1975), on February 1, 2016, for which he received a five-year sentence to be served with the Department of Corrections, with jail credit of two years, two months and seven days being awarded.  CC-2013-002193.00, Doc. 127.  See Keith v. DeKalb Cnty., Ga., 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (taking judicial notice of the information contained in online judicial system maintained by the state courts).  Plaintiff's sentence is to be served concurrently with CC 14-1455.  (Id.).  His other charge of altering the identification of a firearm was nolle prossed.  (Id.).

917 (1992); A<small>LA</small>. C<small>ODE</small> § 6-2-38(l).  Inasmuch as plaintiff can re-file his action, if he elects, the Court finds that plaintiff's action is malicious and subject to dismissal without prejudice.

## III.  CONCLUSION.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that this action be counted as a strike for the purpose of 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); F<small>ED</small>.R.C<small>IV</small>.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 18th day of February, 2016.

>
> **s/ KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**